## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12cv791

| | |
|---|---|
| **WASTE CONNECTIONS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| Vs. ) | |
| ) | |
| **MARCELLA NICHOL AND** ) | |
| **ADVANTAGE WASTE RECYLCING** ) | |
| **& DISPOSAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Expedited Discovery in preparation for the Motion for Preliminary Injunction (#4) and plaintiff's Motion for Preliminary Injunction. Defendant has responded to the motions, plaintiff has replied, and the above motions are ripe for disposition.[1] Having considered the motion and reviewed the pleadings, the court enters the following order.

### ORDER

**IT IS, THEREFORE ORDERED** that plaintiff's Motion for Expedited Discovery (#4) is **GRANTED** in the below manner. The parties shall communicate and accommodate each other as necessary to effectuate the following expedited discovery schedule.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary Injunction (#2) is **STAYED** pending completion of the expedited discovery. At that point, plaintiff shall file a Motion to Withdrawal the Motion for Preliminary Injunction or, in the alternative, a Motion for Hearing on Preliminary Injunction. As always, the court encourages the parties to make every

---

[1] In the response to the Motion for Expedited Discovery, defendant requests it be allowed expedited discovery of certain matters if the court grants the motion.

1

effort to resolve this matter through settlement. In the meantime, the court is confident that the parties will be accommodating and courteous with opposing parties as following expedited discovery is effectuated.

**EXPEDITED DISCOVERY**

The parties are to provide expedited discovery as follows:

I. Within 14 days of the entry of this order, **defendant Nichol** shall respond to the following interrogatories:

(1) Identify the date on which you received an offer of employment with defendant Advantage, how the offer was communicated to you, the terms of the offer, and any documents related to the offer.

(2) Describe your position with defendant Advantage, including:

  i. the position's duties and functions;

  ii. the work experience, skills, and abilities required and/or preferred for the position.

  iii. the minimum years of related experience required and/or preferred for the position;

  iv. any information on the level of the position within the company's organizational employee structure, including the level number if one is assigned and whether the position is exempt from Fair Labor Standards Act classification as management position.

(3) Identify all customers of WCI with whom you have had communications or contact since your employment was terminated. "Contact" incudes, but is not

2

limited to, visiting the premises of such customers' businesses, residences, or other property.

II. Within 14 days of the entry of this order, **defendant Nichol** shall provide the following to counsel for WCI:

(1) All correspondence, written or electronic, between defendant Nichol (as well as any agents, attorneys, and representatives of Defendant Nichol, or anyone acting on Defendant Nichol's behalf, at her direction, or under her supervision) and customers of WCI, from April 2, 2012 until the present.

(2) All correspondence, written or electronic, between defendant Nichol (as well as any agents, attorneys, and representatives of defendant Nichol) and defendant Advantage, from September 1, 2011, until the present;

(3) All documents and materials, written or electronic, in defendant Nichol's possession, custody, or control which contain data or information obtained from WCI, including without limitation, business information, proprietary information, customer information and information related to WCI's marketing to, servicing of, and retention of customers. Furthermore, defendant Nichol shall allow counsel for WCI to have reasonable access to electronic devices which may contain said documents and materials so that WCI may make mirror-image copies. Defendant Nichol shall be allowed to retain possession of essential electronic devices.

III. Within 14 days from the entry of this order, **defendant Advantage** shall provide the following to counsel for WCI:

(1) All documents and materials, written or electronic, in defendant Advantage's possession, custody, or control, which contain data or information obtained from WCI through defendant Nichol (as well as any agents, attorneys, and representatives of defendant Nichol), including without limitation, business information, proprietary information, customer information and information related to WCI's marketing to, servicing of, and retention of customers. Furthermore, defendant Advantage shall allow counsel for WCI to have reasonable access to electronic devices which may contain said documents and materials so that WCI may make mirror-image copies. Defendant Advantage shall be allowed to retain possession of essential electronic devices.

(2) All documents, written or electronic, concerning the terms of defendant Nichol's employment with defendant Advantage, including job applications, questionnaires, and agreements. This request is intended to include all drafts of such documents.

IV. WCI shall be permitted to depose **defendant Nichol** on issues relevant to the preliminary injunction motion within 14 days after defendant Nichols and Advantage provide the documents and information in the above paragraphs to WCI.

V. Pursuant to Fed.R.Civ.P. 30(b)(6), WCI shall be permitted to depose a representative of **defendant Advantage** on issues relevant to the preliminary injunction motion. The court is aware of the unfortunate circumstance that has befallen defendant and, along with plaintiff, is inclined to allow defendant some flexibility in appointing a new representative. However, defendant Advantage shall attempt in good faith to appoint a new representative for this purpose as quickly as possible. The court is confident that this

4

deposition can be taken within 30 days of the entry of this order. If not possible by then, defendant is free to move for an extension.

VI. WCI shall be permitted to serve subpoenas on third-parties.

VII. **WCI** shall provide the following documents to defendant Advantage within 14 days of the entry of this order:

 (1) Documents showing disclosure to defendant Nichol of logistics of WCI's business, including the matters set forth in paragraph 14 of the complaint. Complaint, ECF No. 1, November 29, 2012.

 (2) Documents showing disclosure to anyone acting in a similar role as Nichol during 2012 of WCI's business, including the matters set forth in paragraph 14 of the complaint.

 (3) Any document showing disclosure to defendant Nichol of viable pricing thresholds.

 (4) Any document showing viable pricing thresholds in 2012.

 (5) Defendant Nichol's personnel file.

VIII. Within 14 days of the entry of this order, defendant Advantage shall be permitted to depose a representative of **plaintiff WCI** pursuant to Fed.R.Civ.P. 30(b)(6).

IX. Within 14 days of the entry of this order, defendant Advantage shall be permitted to depose **Peggy Poston**.

 **IT IS SO ORDERED.**

Signed: January 31, 2013

Max O. Cogburn Jr.
United States District Judge

6